VIRGINIA:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **REGIONAL ENTERPRISES, INC.** ]<br>]<br>**Plaintiff,** ]<br>]<br>v. ]<br>]<br>**ILLINOIS UNION INSURANCE** ]<br>**COMPANY D/B/A ACE** ]<br>**ENVIRONMENTAL D/B/A ACE USA** ]<br>**D/B/A ACE USA COMPANIES,** ]<br>]<br>**Defendant.** ] | Case No.:   3:17cv202 |

## NOTICE OF REMOVAL

Defendant, Illinois Union Insurance Company D/B/A ACE Environmental D/B/A ACE USA Companies ("**Defendant**"), by counsel, and pursuant to 28 U.S.C §§ 1332, 1441, 1446, and Local Civil Rule 3, hereby files this Notice of Removal, and in support sets forth the following grounds:

### I. Background

1.  On January 10, 2017, Regional Enterprises, Inc. ("**Plaintiff**"), filed the instant Complaint in the Hopewell Circuit Court, styled *Regional Enterprises, Inc. v. Illinois Union Insurance Company D/B/A ACE Environmental D/B/A ACE USA Companies*, Case No. CL2017-12.[1]

---

[1] *See* Summons and Complaint attached hereto as **Exhibit A**.

{W3641787.1 NEW-NEW }

2. To effectuate service on Defendant, Plaintiff served the Secretary of the Commonwealth under the Commonwealth's Long Arm Statute on January 27, 2017.[2]

3. On February 7, 2016, the Secretary of the Commonwealth, by certified mail, forwarded process to Defendants.[3]

4. Defendant received Plaintiff's Complaint on February 15, 2017.[4]

5. On March 7, 2017, Defendant filed with the Hopewell Circuit Court a Motion for Extension of Time, with a proposed Agreed Order granting said Defendant an extension of time to file its responsive pleadings on or before March 14, 2017.[5]

6. No further proceedings have been had in this action in the Hopewell Circuit Court as of the date of this filing.

## II. Legal Framework

7. Except where a properly joined party "is a citizen of the State in which such action is brought," 18 U.S.C. § 1441 provides that "any civil action brought in a State court of which the [Federal] district courts . . . have original jurisdiction, may be removed by the defendant . . . to the [Federal] district court . . . for the district and division embracing the place where such action is pending."[6]

8. Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction . . . where the matter in controversy exceeds . . . $75,000 . . . and is between—citizens of different states . . . ."

---

[2] *See* Affidavit for Service of Process on the Secretary of the Commonwealth and accompanying Certificate of Compliance, attached hereto as **Exhibit B**.
[3] *Id.*
[4] *See* Notice of Service of Process, internally date stamped by Defendants: Feb 15, 2017, attached hereto as **Exhibit C**.
[5] *See* Motion and Proposed Agreed Order attached hereto as **Exhibit D**.
[6] 18 U.S.C. § 1441(a)-(b).

9. Pursuant to 28 U.S.C. § 1446, a party seeking removal based on diversity of citizenship shall file a notice of removal within "30 days after the receipt by the defendant of a copy, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . . ."[7]

10. Construing 28 U.S.C. 1446 in the context of a defendant served process through statutory agent, the overwhelming majority of federal district courts have held that the 30-day limitation period to file a notice of removal begins on a defendant's actual receipt of suit papers – not upon a plaintiff's service of defendant's statutory agent.[8]

11. Under this framework, Defendants timely filed this Notice of Removal and properly placed it before the United States District Court for the Eastern District of Virginia, Richmond Division.

12. Defendant is and was, both at the time of the commencement of this action and at the time of the filling of this Notice of Removal, a corporation organized and existing under Illinois law with its principal place of business in Pennsylvania and, therefore is a citizen of Illinois or Pennsylvania.

13. Plaintiff, upon information and belief, is and was, both at the time of the commencement of this action and at the time of the filling of this Notice of Removal, a corporation organized and existing under Virginia law with its principal place of business in Virginia and, therefore is a citizen of Virginia.

---

[7] 28 U.S.C. § 1446(b)(1).
[8] *See, e.g., White v Lively,* 304 F. Supp. 829, 831 (W.D. Va. 2004) (finding that "because statutory agents for service of process are not true agents, it would be contrary to the plain meaning of the removal statute to limit a defendant's removal period before actual receipt of the suit papers.").

14. The amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional threshold, as more fully appears in the instant Complaint, wherein Plaintiff seeks $1,382,319 plus costs and interest, in damages.[9]

15. Accordingly, this Court maintains original subject matter jurisdiction over this lawsuit; and, 18 U.S.C. § 1441(b)(2) does not preclude removal because Defendant is not Virginia citizen. Moreover, Local Civil Rule 3 dictates that the United States District Court for the Eastern District of Virginia, Richmond Division serves as the proper venue upon the removal of this action, currently pending before the Hopewell Circuit Court.[10]

16. Lastly, Defendants timely filed the instant Notice of Removal because Defendant's February 15, 2017 receipt of Plaintiff's initial pleading dictates a March 15, 2017 deadline for filing. Should the court instead rely on the February 7, 2017 date on which the Secretary of the Commonwealth forwarded process to the Defendant, even though it was not received until February 15, 2017, for purposes of calculating the date Defendant received process, the instant notice is nevertheless timely by nature of its March 7, 2017 filing.

### III. Conclusion

17. The undersigned is Counsel of Record for Defendant Illinois Union Insurance Company is duly authorized to effect removal on behalf of said Defendant.

13. In accordance with 28 U.S.C. 1446(d), upon filing this Notice of Removal, Defendant contemporaneously forwarded copies of same, with exhibits, to Plaintiff's counsel of record and the Hopewell Circuit Court Clerk.

---

[9] See **Exhibit A**.
[10] See E.D. Va. Loc. R. 3(B)(4).

{W3641787.1 NEW-NEW}  4

14. Defendant reserves the right to amend, alter, supplement, and/or otherwise change this Notice of Removal at any time up to, and including, trial as permitted by the *Federal Rules of Civil Procedure.*

WHEREFORE, for the foregoing reasons, Defendant Illinois Union Insurance Company, by Counsel, respectfully requests and moves that the above-styled action, now pending the Hopewell Circuit Court, be removed to the United States District Court for the Eastern District of Virginia, Richmond Division, and for such other relief as the Court may deem appropriate.

**ILLINOIS UNION INSURANCE COMPANY**

By Counsel

\_\_/s/_____
Douglas A. Winegardner (VSB No. 46570)
SANDS ANDERSON PC
Bank of America Center, Ste. 2400
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
Telephone: 804-648-1636
Telefax: 804-783-7291
dwinegardner@sandsanderson.com
*Counsel for Defendant Illinois Union Insurance Company*

## CERTIFICATION

I hereby certify that on the 7th day of March, 2017, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/EMC system, and I certify that I mailed by the U.S. Postal Service the document to Counsel for Plaintiff and to the Clerk of the Hopewell Circuit Court, as follows:

C. Thomas Brown, VSB #23743
Erik B. Lawson, VSB #79656
Silver & Brown, PC
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
Phone: 703-591-6666
Fax: 703-591-5618
*tom@virginia-lawyers.net*
*erik@virginia-lawyers.net*
*Counsel for Plaintiff*

Hopewell Circuit Clerk's Office
100 E. Broadway 251
Hopewell, VA 23860

                                          /s/
                                          Douglas A. Winegardner (VSB No. 46570)
                                          SANDS ANDERSON PC
                                          Bank of America Center, Ste. 2400
                                          1111 East Main Street (23219)
                                          P. O. Box 1998
                                          Richmond, VA 23218-1998
                                          Telephone: 804-648-1636
                                          Telefax: 804-783-7291
                                          dwinegardner@sandsanderson.com
                                          *Counsel for Defendant Illinois Union Insurance Company*